# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Thurmond Brooker

Appellate Case No. 2020-001181

Opinion No. 28019
Submitted March 12, 2021 – Filed March 31, 2021

## PUBLIC REPRIMAND

Disciplinary Counsel John S. Nichols and Deputy
Disciplinary Counsel Carey Taylor Markel, both of
Columbia, for the Office of Disciplinary Counsel.

Thurmond Brooker, of Florence, Pro Se.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
the imposition of a confidential admonition or a public reprimand, and agrees to
pay the costs incurred by ODC and the Commission on Lawyer Conduct
(Commission) in investigating and prosecuting this matter.  We accept the
Agreement and publicly reprimand Respondent.  The facts, as set forth in the
Agreement, are as follows.

## I.

## Matter A

In 2006, Respondent represented Client A at a trial in magistrate's court on a
charge of public intoxication and successfully moved for dismissal of the case.

After the case was dismissed, Client A asked Respondent to represent him in a lawsuit for unlawful arrest. Client A alleges Respondent agreed to represent him but failed to communicate with him and failed to file suit. Respondent maintains that he told Client A that he would look into the matter and would represent Client A if he believed Client A had a viable 42 U.S.C. § 1983 claim with a reasonable chance of success. In May 2007, Respondent's office issued a receipt to Client A indicating he had paid $250 for a court filing. Respondent admits that he received the $250 but claims the notation on the receipt was an error. Respondent states that the $250 was in order to allow him to review the matter to determine whether Client A had a viable claim. Respondent determined the claim was not viable and did not file suit. Respondent believes he orally informed Client A that his section 1983 claim was not viable. Respondent is unsure, however, of when he informed Client A of his decision and did not advise him in writing. Respondent has refunded $250 to Client A. Respondent states that he has implemented office procedures to prevent the reoccurrence of misconduct such as that which occurred with Client A. Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4 (communication) and Rule 1.16(d) (notice to client upon termination of representation).

**Matter B**

In 2004, Respondent agreed to represent Client B in a personal injury case. Respondent's contingency fee agreement provided that Respondent could withdraw from the representation upon written notice to Client B. The agreement further provided that Respondent's fee would be thirty-three percent of any recovery and that Client B would be responsible for any expenses incurred in connection with the matter. It failed to state, however, whether the fee was to be calculated before or after the deduction of expenses as required by Rule 1.5(c) of the Rules of Professional Conduct, Rule 407, SCACR. Respondent eventually decided to discontinue his representation of Client B. Respondent and Client B disagree as to whether Respondent advised that he was ceasing work in the case, but Respondent admits he did not notify Client B in writing as envisioned by the fee agreement. Respondent states he has amended his fee agreement to reflect that fees will be deducted prior to the deduction of expenses. Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5(c) (details required in contingency fee agreement) and Rule 1.16(d) (notice to client upon termination of representation).

**Matter C**

In 2011, a court reporter complained to ODC that Respondent failed to pay for two transcripts, both of which were ordered in 2010. Respondent explains that he ordered the transcripts for two clients, and neither could afford to pay for the transcripts once they were ordered and provided. Respondent paid the court reporter within one month of receipt of the ODC complaint. After the complaint was filed in this matter, Respondent changed his office procedure to pay all court reporter bills directly and not wait for his clients to make payment first. Respondent states that he has timely paid court reporters since 2011. Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 4.4(a) (rights of third parties) and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

**Matter D**

In 2007, Respondent agreed to represent Client D in a domestic action for a flat fee of $1,150. Client paid Respondent $300 in 2007. Client paid the balance two years later in 2009. Respondent deposited the fee into his operating account, although at the time he had not earned the same. A little more than a year after Client D had paid Respondent's fee in full, she terminated his services because of lack of progress in the case. In 2019, Respondent returned the $1,150 to Client D. Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(c) (unearned legal fees shall be deposited into a client trust account) and Rule 1.16(d) (refunding unearned fees upon termination of representation).

**Matter E**

Respondent represented Client E in a divorce action. At the final hearing held on May 16, 2011, Respondent was asked to prepare the divorce decree. Respondent advised Client E that a written order should be issued within approximately thirty days. Respondent did not submit a proposed order to the family court until February 13, 2012, after Client E filed a complaint against Respondent. Respondent represents he believed he had submitted the proposed order in October 2011 and that he advised Client E incorrectly that the court had the proposed order, but he has no records showing he did so. On March 14, 2012, Respondent provided Client E with a certified copy of the family court's divorce decree. Respondent admits that his conduct in this matter violated the following Rules of

Professional Conduct, Rule 407, SCACR:  Rule 1.3 (diligence) and Rule 1.4 (communication).

## II.

Respondent admits his conduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (a violation of the Rules of Professional Conduct shall be grounds for discipline).

We find Respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty (30) days of the date of this opinion, Respondent shall pay or enter into a reasonable payment plan with the Commission to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

**PUBLIC REPRIMAND.**


**BEATTY, C.J., KITTREDGE, FEW and JAMES, JJ., concur.  HEARN, J., dissenting in a separate opinion.**

**JUSTICE HEARN:** While I accept the agreement, I disagree with the sanction imposed by the majority. This Court rejected a prior agreement between Brooker and ODC—involving the same misconduct—in 2012 and, inexplicably, a period of over eight years elapsed before this Court was presented with this agreement, during which time no additional complaints were filed against Brooker. Therefore, I would adopt the unanimous decision of the Panel to impose a confidential admonition.